Harold S. Barker *et al., Trustees vs.* George C. Rose *et ux.*

DECEMBER 23, 1954.

Present: Flynn, C. J., Baker, Condon and O'Connell, JJ.

396

O'CONNELL, J.   This cause is before us on the respondents' appeal from a final decree of the superior court granting injunctive relief in accordance with the prayer of the bill of complaint.   The bill was brought to enjoin the respondents from completing a commercial building on a lot owned by them and from using said lot for other than residential or farming purposes.

The complainants as trustees are the owners of land at the corner of East Main and West Main Roads in the town of Middletown.   Such parcel was once a part of a large tract of land which in 1927 was conveyed to their predecessor trustees.   At that time the land so conveyed was triangular in shape, largely undeveloped, and used exclusively as a farming and residential area.   This tract was subsequently platted into approximately 117 numbered lots in addition to some lots labeled "sold," a large unmarked lot on East Main Road, and another such lot at the junction of the East Main Road and the West Main Road.   This last lot, which is not subdivided, is the only land of the original tract which is now owned by complainants.   Portions of such retained lot have been leased or used by complainants for commercial purposes.   The evidence shows that since 1928 there has been a substantial business development around the original area.

Some of the platted lots were sold without restrictions in the deeds and others, including those owned by respondents, were sold with residential restrictions.   The portion owned by complainants was not restricted and no notice was

ever given to respondents that the retained land was reserved for business or commercial purposes.

The bill alleges that on April 22, 1933 their predecessor trustees conveyed to Mary Ferracone the four lots of land now owned by respondents, subject to certain residential restrictions, and that respondents purchased said premises from her subject thereto. The complainants further allege that such restrictions were inserted in the Ferracone deed for two purposes: First, to establish an area that would be strictly residential or agricultural in character as an inducement to persons to build homes thereon; and secondly, to protect the area reserved for business by said trustees at the corner of East Main and West Main Roads from competition from any business that might be established on other lots in the subdivision.

They further allege that respondents are now erecting on one or more of the lots so restricted a concrete block building to be used for commercial purposes, namely, an automobile sales garage; that the use of the building for business purposes is in violation of the restrictions contained in respondents' deed and of the rights of complainants; and that such use will be in competition with the businesses now conducted in the area owned by complainants; that it will materially decrease the rental value of said area; and that the damages caused complainants cannot be definitely or actually estimated. Injunctive relief is therefore sought to prevent completion of said building and its use for other than residential purposes.

The respondents contend that complainants are barred from relief for several reasons. Among these are the claims that the lot retained by complainants is not a part of the original subdivision, in which case they have no standing in court; that if said lot is a part of such subdivision the complainants' corner lot is burdened with reciprocal servitudes which they have violated by leasing portions thereof for commercial purposes; that in at least five instances

complainants have acquiesced in violations of the restrictions by others; that their own exhibits conclusively prove that the purpose of the restrictions was to establish a residential building scheme and were never intended to protect them from business competition; and finally that they are barred by the equitable defenses of clean hands, acquiescence, laches, and the doctrine of relative hardships.

The undisputed evidence clearly shows that respondents have violated the residential restrictions contained in their deed. However, from an examination of the record it appears that in at least four instances, where others had violated similar restrictions to those in respondents' deeds, complainants instituted no proceedings to enforce such restrictions. The violations of those restrictions have at least been tolerated by them. Further, complainants did not seek to restrain respondents by any court action until the latter had expended about $7000 on their proposed automobile sales garage. This amount has been increased to about $12,000, because after they were enjoined the court by decree allowed respondents to cover the roof to protect the investment.

In view of the special circumstances herein appearing, we are of the opinion that complainants are not entitled to the specific relief by injunction requested in their bill because of their inequitable conduct. In so holding, however, we are not to be understood as deciding that complainants may not obtain relief at law by way of damages, if any they are able to prove, for the violation of the residential restrictions. Such damages are ordinarily recognized as recoverable in a proper case by an action at law.

As to the second ground of complaint, assuming without deciding that the intention of the restrictions was solely to protect complainants against competition, it is our opinion that they have not proven a use of the respondents' land for purposes in competition with that of the lot retained by them or leased in part to others for business purposes.

Since complainants have no automobile sales business on their property, there is no competition between the use of respondents' lot and that of complainants and there is no conclusive testimony herein to establish any rental loss or land depreciation of the complainants' premises due to the respondents' action.

The respondents' appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for entry of a decree in accordance with this opinion.

*Corcoran, Peckham & Hayes, Edward J. Corcoran,* for complainants.

*Sheffield & Harvey, W. Ward Harvey, Richard B. Sheffield,* for respondents.